Good morning, Your Honors, and may it please the Court, Michael Tanaka appearing on behalf of Kimberly Hernandez. In this case, there isn't very much dispute about what happened that night they were arrested. She was found with a bunch of stolen mail in the car along with her co-defendants. The only issue is with respect to her intent on that night. Now, in this case, the District Court tipped the scales against her by erroneously admitting evidence that she had stolen a purse on that night, an offense that had absolutely nothing to do with the charged offense and served only to pay her... When you say nothing to do, I mean, are you saying there's no connection at all with what happened at the, I'll call it the charge scene? That's what I'm saying, Your Honor. We have a purse that came when they were buying gas. Wasn't there something from the purse found near the scene? I'm sorry? Wasn't there something from the purse that was found near the charge scene? Yes, there was a... So that's something to do with it, isn't it? Well, it showed that items from the purse made it to the scene, but that was never in dispute. She never disputed that she was at the scene of the mail theft. Although I thought she said that she remained in the car the whole time when the other folks were at the mailbox. That's correct. And the fact that an item, the rush card, was found at the scene by the broken-in mailboxes, doesn't that at least provide circumstantial evidence that that's where she was, too? Not given the state of the evidence, Your Honor. The undisputed evidence was that the contents of the purse were scattered throughout the car, and then the debit cards, which this rush card was a part of it, were in the back seat where the two co-defendants were. The post inspector said that all those cards were on the floorboards of the back seat, and that's at ER 376. So the clear inference is that the rush card was there, too. The co-defendants kicked that out when they were exiting the back seat. It has nothing, it shows no, bears nothing on Ms. Hernandez being out ransacking those mailboxes. She was undisputedly the driver. You know, speaking of the contents of that purse, the Nassaroff purse being in the back seat, doesn't that also show her intent in sharing the proceeds of that purse with the co-defendants, which is part of the allegation of the conspiracy charge? Well, the conspiracy charge was stealing mail. This was just a crime of opportunity. I submit it bears no, bears nothing on her intent with respect to the charged offense. It would be as if instead of stealing this purse from this woman's window where she was sleeping at the gas station, she had gone in to the store part of the station and seen an open cash register grabbing money. And then sharing it with the co-conspirators. The co-conspirators. But that has nothing to do with the mail theft conspiracy or bank theft conspiracy. Does the timing provide any circumstantial evidence of her intent to participate in this conspiracy? Namely, she picks up the co-conspirators. She's the driver. Ms. Hernandez is the driver. She picks up the co-conspirators as they're then driving to the locations they're going to. They stop off for gas. She steals the purse from Ms. Nassaroff sleeping in another car. She then shares the contents with the members in her car, the co-conspirators, and then continues driving to several other locations where there's the break in of the mailboxes. Doesn't that timing provide circumstantial evidence that it's all part of the continuum of criminal conduct as the lower court held? It's part of the continuum of conduct that night. But I would dispute that it's part of the continuum of the charged criminal conduct on that night. It's just a separate, fortuitous crime of opportunity. Even if you find that the conspiracy started when she picked up these people at the hotel room, it was, I mean, as charged, it was to drive around and find mailboxes and break into them. It had nothing to do with some generalized crime spree. And to bring that in was just unwarranted in this case. Does the fact that she drove to the first location, the other folks got out of the car, broke into a mailbox or unsuccessfully tried to get into the mailbox, they then get back into the car and she drives them to a second location, does the fact that she was there when the first attempt was unsuccessful and then drove them to the second attempt also constitute circumstantial evidence of her intent to assist them in what they were doing? Yes, it does. But that's not, I mean, we're not arguing that there was insufficient evidence on that count. I thought you were arguing insufficiency of the evidence as another argument. With respect to the conspiracy to commit bank fraud, not with respect to the mail theft. Well, but the purpose of the mail theft is to obtain identifications, checks, things like that. Am I wrong? No, that's correct. And therefore, if she was helping them to commit mail theft to try to get identities, checks, things like that, why isn't that also circumstantial evidence of the conspiracy charge? Because the conspiracy as charged with respect to the bank fraud focused on, as presented by the government, focused on this pre-existing agreement that stretched back months before this night and had little to do with the events of that night. But putting that aside, it at least bears on the mail theft charges, which is what was mainly at issue here. Do you want to save your time for rebuttal? Yes, ma'am. Good morning, Your Honors. Chelsea Norell on behalf of the United States. The district court did not abuse its discretion in admitting evidence of the purse theft and an item from the purse left at the crime scene because it was inextricably intertwined with the charges. It was necessary to offer a coherent and comprehensive story because it showed the defendant's intent, the scope of her agreement, and placed her at the scene. First, as the district court noted, it was part of a continuum of criminal conduct that began at the latest when defendant picked up her co-conspirators at a hotel. From there, she drove them with two backpacks and a crowbar to the mailboxes that they would vandalize. On the way, she stopped at a gas station where she stole the purse, an item that was likely to contain the very things that they were looking for in the mail, access devices, checks, and personal identifying information. That she took that purse and then shared the contents with her co-conspirators shows both her criminal intent and her intent to participate in the mail theft conspiracy. Was it clear that the purse was stolen after the men were picked up and they were in the car with her? I'm sorry, Your Honor, I didn't hear the question. Was it clear that the men were in the car with her when the purse was taken? Yes, absolutely, Your Honor. In fact, the defendant even testified at trial that she stole the purse at the encouragement of her co-conspirators, which also bears on the intent and the scope of the agreement because it allows for the inference that she was in on the plan to commit crimes that night and find the raw materials for their bank fraud conspiracy that they would all then share, which cuts against her defense that she was simply an unwitting driver, unaware of the criminal plans of her co-conspirators. Are you saying that because she shared the contents of the purse with the co-defendants, that's also circumstantial evidence that they were also planning on sharing the proceeds from the bank fraud activity? Yes, absolutely, Your Honor. And specifically, the fact that the materials you would find in the mail that they were looking for, access devices, checks, personal identifying information, is parallel to what they were looking for in the mail. It's even stronger circumstantial evidence that they intended to share the proceeds of their crimes. And am I right that Ms. Hernandez had a stolen check, the check of Ms. Bravo, in her possession at the time of the arrest? Yes, Your Honor, that's correct, which further shows that she continued to intend to commit bank fraud, that she didn't only commit bank fraud before she picked up her co-conspirators just three days earlier, but that she intended to do so again. Second, this evidence places the defendant and her co-conspirators at the scene of the crime. Specifically, as you asked – Was that ever disputed? Your Honor – That they were present at the scene of the crime? Your Honor, it wasn't disputed, but I submit that this evidence foreclosed any dispute about it. Absent this evidence, the defendant could have presented a host of specious arguments that her co-conspirators brought the mail into her car when she picked them up, that they bought it from a third party, or that they even found it. Moreover, as Judge Walter correctly found, this card allowed for a reasonable inference that it was the defendant, the person who admitted to stealing the purse, who left the card at the scene, therefore cutting against her argument that she was merely present and that she did not participate in the mail theft. The rush card was found in the gutter right by the car, where the car was. Is that right? It was found in the gutter, directly in front of the vandalized mailboxes. And how close was it found to where the car was? And was it found closer to the back door or the front door? Your Honor, we can't place exactly where the car was. We don't have surveillance. We only have Ms. Hernandez's testimony about this, which is even stronger, even more of a reason why this evidence was important, because it was the only piece of physical evidence that placed the defendants at the scene. This evidence was properly balanced by the District Court. Judge Walter considered this in light of the potential prejudice and decided to give a jury instruction to cure any potential prejudice arising from it. He instructed the jury that they were only there to determine whether the defendant was guilty or not of the charges in the indictment, and it was not on trial for any other conduct or offense not charged in the indictment. Judge Walter had a firm grasp of the facts in this case, carefully considered the issues in light of that understanding, and used his judgment to allow this evidence to be admitted at trial. That judgment should not be displaced here because the decision was neither illogical nor implausible. Unless there are any further questions about the first issue, I'll take the second issue. The second issue is whether sufficient evidence supports the bank fraud conspiracy conviction. This question is viewed in the light most favorable to the government and construing inferences in favor of the guilty verdict. A conspiracy can be inferred when there is a concert of action with the defendants working together toward a common purpose. Here, the jury could reasonably infer that that common purpose was to commit bank fraud conspiracy, given that the mail was all over the car and the pieces that were opened were those that looked like they contained checks, access devices, or personal identifying information. These items have little or no intrinsic value. They're not like a package of goods. They can only be used to commit a bank fraud scheme. The jury could reasonably infer also that they were opening these pieces of mail to look for checks because they had each committed bank fraud before they all got together that night. Defendants had done so just three days earlier when she cashed a check that was also stolen from the mail. Defendants worked together toward this common purpose of committing bank fraud by getting in the car together, driving to not one but two locations when they couldn't break into the mailboxes at the first, then opening the mail and looking for the raw materials for their bank fraud, just as they looked for those raw materials in the purse that Defendant Hernandez had stolen earlier in the night. Evidence of a common modus operandi among the defendants in the months leading up to the time they stole mail together is also circumstantial proof of their agreement to steal checks, then wash them and then cash them. Before they were caught stealing mail together on March 11th, each of the defendants had fraudulently altered and deposited a check stolen from the mail. In fact, each defendant had actually possessed a check that was stolen from a community mail receptacle that was pried open in the very same manner that they pried open the community mail receptacle on March 11th. Each of the prior victims lived close to one another. Each defendant targeted the same type of mail. They each had a check that had been sent from a bank to the mail theft victim. In fact, defendants' two co-conspirators even possessed checks belonging to the same victims from the same checkbook and negotiated them within one day of one another. This is compelling evidence of a conspiracy, and once the government has established a conspiracy, it need only show a slight connection between the defendant and that conspiracy. The slight connection is established by defendant's actions on March 11th when she picked up her co-conspirators, drove them to two locations to steal mail, opened mail with them, and looked for the raw materials for their bank fraud. For these reasons, substantial evidence supported this conviction, and this conviction should be affirmed. Thank you. Thank you, counsel. One quick observation with respect to the government's answer to Judge Tashima's question. Her presence was undisputed, and it wasn't because of the specter of this evidence. During the hearing, defense counsel, one, and all parties knew that Mr. Hernandez was going to testify and that she admitted being there, and two, he said that if that weren't sufficient, they would stipulate to her presence there. So that was absolutely unnecessary to show her presence there. Second, with respect to it showing her active participation in breaking in the mailbox because the card was outside, again, that was never offered as part of the rationale. And, in fact, the government, in its argument, never urged that fact. This is sort of revisionist history here. Well, you've got a tough case on sufficiency of the evidence because now that the matter's been tried, the inferences have to be drawn in favor of the government. That's correct. But on the admission of evidence, which we review for abuse of discretion, it's still subject to harmless error analysis, correct? That's correct. So even if the court made a mistake and let too much evidence in, why wasn't it harmless? The evidence seemed pretty compelling. Well, the evidence seems compelling on a sufficiency if you're just reviewing for sufficiency. But, again, this was a jury trial, so anything, especially something that's painting her as an unrepentant thief is prejudicial in this case. And she did have a defense. The whole defense was her intent, and she offered evidence that she was intoxicated that night and that she was just going along. So, yes, the jury rejected that, but in part the jury rejected that because the government piled on with evidence that was inadmissible. We've got your argument. Thank you very much, both sides. The matter is submitted for a decision.
judges: Tashima, Nguyen, Simon